UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| PGT TRUCKING, INC.<br>Plaintiff | : |  |
|---|---|---|
| v. | : | CASE NO. |
| EVANSTON INSURANCE<br>COMPANY<br>Defendant | :<br>:<br>: | ***JURY TRIAL DEMANDED*** |

## COMPLAINT IN CIVIL ACTION

**AND NOW** comes the Plaintiff, PGT Trucking Inc. d/b/a PGT Freight Brokerage, by and through their attorneys, Pisano Law Firm, files this Complaint for Declaratory Judgment, *inter alia*, against Defendant Evanston Insurance Company, and, in support thereof, asserts as follows:

### JURISDICTION AND PARTIES

1. The Federal Rules of Civil Procedure expressly authorize Declaratory Judgments by the adoption of the Declaratory Judgments Act, 28 U.S.C. § 2201.

2. Pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201, Federal Courts have jurisdiction to decide coverage issues under an insurance contract.

3. Plaintiff, PGT Trucking Inc. d/b/a PGT Freight Brokerage (hereinafter, "PGT"), is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at 4200 Industrial Blvd. Aliquippa, PA 15001.

4. Upon information and belief, Defendant, Evanston Insurance Company (hereinafter, "Evanston"), is a corporation organized and existing under the laws of the State of Illinois with a principal place of business located at 10275 W. Higgins Road, Suite 750. Rosemont, IL 60018.

5. At all times relevant hereto, Defendant, Evanston insured Plaintiff, PGT for Transportation Freight Broker liabilities under Policy No. TBL1643-B02. A copy of the policy is attached as Exhibit "A."

## THE UNDERLYING ACTIONS

6. This action stems from underlying personal injury/motor vehicle lawsuits filed by Lora Schumer against PGT, among others, in the Circuit Court of Cape Girardeau, Missouri at Case No. 22CG-CC00195; and, filed by Nina Marshall against PGT, among others, in the Circuit Court of Cape Girardeau, Missouri at Case No. 22CG-CC00245. A copy of these Complaints are attached as Exhibit "B" and Exhibit "C" respectively and are hereinafter collectively referred to as "Lawsuits."

7. The Lawsuits arise out of a vehicle collision that occurred on June 1, 2021 when a tractor-trailer lost the load of two 25,000-pound rolls of steel that struck the Schumer vehicle and caused the Marshall vehicle to lose control resulting in claims of personal injury.

8. The Lawsuits assert eleven counts against various Defendants to include negligence against PGT.

9. The Lawsuits allege that PGT operated as a broker and/or transportation company and/or acted as an agent for the shipper, Nucor Steel, and that as a broker and/or acting on behalf of a shipper, PGT allegedly owed a duty to select a motor carrier that was adequately safe and compliant with the Federal Motor Carrier Safety Regulations and safe industry standards and practices.

10. The Broker/Shipper-Supplier relationship is evidenced between PGT and Nucor Corporation by an October 25, 2012 Master Transportation Agreement.

11. The Policy issued by Defendant provides, in part, as follows:

**SECTION I - LIABILITY COVERAGE**
**A. Insuring Agreement**
**1. We will pay those sums an insured becomes legally obligated to pay as damages because of "bodily injury" ... to which this insurance applies, caused by an "accident": a. Resulting from a "motor carrier's" ownership, maintenance or use, including loading and unloading, of a "motor carrier's auto"; or b. Arising out of the negligent hiring of or entrustment to the "motor carrier" by the insured in the insured's operations as a "transportation broker."**

12. Despite the allegations of the Lawsuits triggering a duty to defend under the terms of Policy TBL1643-B02 language, Evanston excluded coverage on November 15, 2022, April 18, 2023, May 18, 2023, and continues to do so based on ambiguous policy terms and knowingly false factual predicates.

13. Evanston has disclaimed the duty to indemnify PGT for the underlying Lawsuits based on ambiguous exclusions in Policy No. TBL1643-B02.

14. Policy No. TBL1643-B02 defines "Motor Carrier Operations" as:

**"Bodily injury" or "property damage" arising directly our indirectly out of an "accident" when the insured, a spouse or family member of the insured, an "employee" of the insured or any entity in which the insured has partial or full ownership, is acting as the "motor carrier" or is listed on the bill of lading or contract of carriage."**

15. Policy No. TBL1643-B02 defines "Motor Carrier" as:

**"Motor carrier" means any person or organization, authorized by the Federal Motor Carrier Safety Administration or the state in which he or she operates, to act in the business of transporting property by "auto" for hire"**

16. Evanston sole basis for disclaimer are ambiguous exclusions in Policy No. TBL1643-B02 in consideration of a Bill of Lading, while knowing same was prepared by the third-

party Shipper, Nucor; and further knowing but disregarding in bad faith that the Bill of Lading mistakenly lists PGT as the "carrier."

17. The Bill of Lading defines "carrier" as "any person or corporation in possession of the property under the contract."

18. PGT was never in possession of the "property under the contract," that is the steel rolls.

19. Evanston has been provided sworn evidence from the underlying Lawsuits demonstrating the Bill of Lading is factually inaccurate as created by a third party and that PGT was acting solely as a "transportation broker" at all material times.

20. Despite competent and credible information to the contrary, Evanston maintains the disclaimer of coverage based on ambiguous exclusion to the detriment of PGT.

21. Evanston's coverage is illusory.

22. Based upon Evanston's denials, exclusions and disclaimers, PGT has been forced to incur defense expense and may have indemnity exposure in the underlying Lawsuits.

## COUNT I

## BAD FAITH - PUNITIVE DAMAGES

23. Plaintiff incorporates paragraphs 1 through 22 as though fully set forth at length herein.

24. 42 Pa. C.S.A. 8371 entitled "Actions on Insurance Policies" provides a private cause of action for bad faith against insurance companies if the Court finds that the insurer has acted in bad faith towards the insured and permits the following damages to be awarded: (1) Interest on the amount of the claim from the date a claim was made by the insured in an amount

equal to the prime rate of interest plus three (3%) percent. (2) Punitive damages against the insurer. (3) Court costs and attorney's fees against the insurer.

25. Plaintiff made all payments for their Transportation Broker Liability Policy in a full and timely fashion.

26. Disclaimer of coverage was based on a third party's factually inaccurate Bill of Lading and was made, in actuality, with blatant disregard to the facts and averments of the Lawsuits, along with the sworn evidence compiled during the discovery period of the Lawsuits.

27. Denial of coverage in this matter by Evanston was made to simply evade contractual obligation to provide Transportation Broker Liability coverage to PGT.

28. Evanston's coverage is illusory.

29. As a result, denial of coverage under Policy No. TBL1643-B02 by Evanston was made in bad faith.

30. As a result of the bad faith denial of coverage by Evanston, Plaintiff has incurred damages in that Plaintiff has been required to expend, and will continue to expend, counsel fees and costs to defend and indemnity its interests in the underlying Lawsuits.

**WHEREFORE**, Plaintiff PGT Trucking, Inc. demands judgment against Defendant Evanston Insurance Company for bad faith conduct pursuant to 42 Pa. C.S.A. 8371 in a just and equitable amount to be determined, plus treble damages, attorney's fees and court costs, and such other and further relief as this Court deems just and proper.

## COUNT II

### DECLARATORY JUDGMENT ACTION

31. Plaintiff incorporates paragraphs 1 through 30 as though fully set forth at length herein.

32. Plaintiff brings this action pursuant to 28 U.S.C. § 2201 and 42 Pa. C.S.A. § 7531, et seq.

33. This Court has jurisdiction over the parties and there is a justifiable case and controversy regarding the rights and obligations as between Plaintiff and Defendant with respect to the duty to provide Transportation Broker Liability coverage to Plaintiff because of the claims asserted in the underlying Lawsuits.

34. This Declaratory Judgment action seeks declarations of coverage by this Court with respect to Defendant's obligation to provide Transportation Broker Liability coverage to Plaintiff and Plaintiff's right to receive reimbursement of costs, fees and amounts incurred in the defense and indemnification of the Plaintiff in the underlying Lawsuits.

35. Plaintiff has complied with all conditions and obligations under the subject insurance policy with respect to its right to Transportation Broker Liability coverage from Defendant.

36. Upon providing Defendant Evanston with notice of the claims asserted in the underlying Lawsuits, Evanston denied coverage based on a factually inaccurate Bill of Lading drafted by a third party which was ostensibly in Bad Faith, and in fact, contrary to sworn materials provided in the discovery of the underlying Lawsuits.

**WHEREFORE**, Plaintiff, PGT Trucking, Inc. respectfully requests this Court enter its judgment, declaring that: 1. the insurance policy under Policy No. TBL1643-B02 was in full effect on the date of the underlying accidents at which time PGT was engaged in Transportation Broker activities; 2. At no material time was PGT Trucking Inc. acting as a "carrier" or "motor carrier"; 3. Defendant Evanston is obligated to: a. provide a full defense to Plaintiff in the underlying Lawsuits; b. liable to reimburse all sums and amounts incurred by PGT to date in their defense of

the underlying Lawsuits; c. obligated to fully indemnity PGT in the underlying Lawsuits in accord with coverage limits; d. satisfy all attorney's fees pursuant to 42 Pa. C.S.A. § 7531, et seq., costs, and e. such other and further relief as this Court deems just and proper.

## COUNT III

## BREACH OF CONTRACT

37. Plaintiff incorporates paragraphs 1 through 36 as though fully set forth at length herein.

38. The Policy TBL1643-B02 is a contract between Plaintiff under which Defendant agreed to defend and indemnify Plaintiff against loss or damage in return for receiving timely premium payments.

39. Under the terms and conditions of the Transportation Broker Liability Policy TBL1643-B02, Defendant is required to defend and/or indemnify Plaintiff for the allegations of the underlying Lawsuits.

40. Defendant has failed and refused to comply with the terms and conditions of the Policy TBL1643-B02.

41. As a result of Defendant's failure to comply with the terms and conditions of the Policy, Plaintiff has incurred damages in that Plaintiff has been required to expend, and will continue to expend, counsel fees and costs to defend and indemnity its interests in the underlying Lawsuits.

**WHEREFORE**, Plaintiff PGT Trucking, Inc. demands judgment against Defendant Evanston Insurance Company for all just and equitable amounts to be determined, plus treble damages, attorney's fees and court costs, and such other and further relief as this Court deems just and proper.

Dated: 8/27/24

PISANO LAW FIRM

By: _____
Matthew T. Pisano, Esquire
Attorneys for Plaintiff
PGT Trucking, Inc.