## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTEN DISTRICT OF PENNSYLVANIA

_____

|  |  |  |
|---|---|---|
| PGT TRUCKING, INC. | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | No. 2:24-cv-04503 |
| | : | |
| EVANSTON INSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | |

_____:

## DEFENDANT EVANSTON INSURANCE COMPANY'S
## ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT
## AND COUNTERCLAIM FOR DECLARATORY JUDGMENT

Defendant Evanston Insurance Company ("Evanston" or "Defendant") by and through its attorneys, submits its Answer with Affirmative Defenses to Plaintiff's Complaint and Counterclaim for Declaratory Judgment, and in support thereof avers as follows:

### ANSWER

### Jurisdiction and Parties

1.      Denied.  The averments contained in this paragraph are denied as a conclusion of law for which no response is required.

2.      Denied.  The averments contained in this paragraph are denied as a conclusion of law for which no response is required.

3.      Admitted, upon information and belief.

4.      Admitted.

5.      Admitted in part, denied in part.  The averments "at all times relevant hereto Defendant, Evanston Insured Plaintiff" are denied as impermissibly vague as to enable a response and as asserting a legal conclusion.  It is admitted that Evanston issued to named insured PGT

Trucking Inc d/b/a PGT Freight Brokerage an insurance policy bearing no. TBL1643-B02 with a policy period from 6/30/2020 to 6/30/2021 (the "Policy"). It is admitted that the Policy was in full force and effect on June 1, 2021. The Policy, being a writing, speaks for itself and any characterization of the writing is expressly denied. It is denied that the Exhibit "A" attached to Plaintiff's Complaint is a complete copy of the Policy. To the contrary, a true copy of the Policy is attached hereto as Exhibit "1."

### The Underlying Actions

6. Denied. The complaints/petitions and allegations in the averred underlying lawsuits in the Circuit Court of the County of Cape Giradeau, Missouri at docket nos. 22CG-CCC00195 and 22CG-CC00245, attached to Plaintiff's Complaint as Exhibits "B" and "C" (collectively "Underlying Lawsuits"), being writings, speak for themselves and any characterization of the writing is expressly denied.

7. Denied. Evanston incorporates the averments in paragraph 6 above as if fully stated at length herein.

8. Denied. Evanston incorporates the averments in paragraph 6 above as if fully stated at length herein.

9. Denied. Evanston incorporates the averments in paragraph 6 above as if fully stated at length herein.

10. Denied. The averred Master Transportation Agreement, being a writing, speaks for itself and any characterization of the writing is expressly denied. To the extent that a further response is required, after reasonable investigation Evanston is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments contained in this paragraph,

2

therefore the averments are denied and strict proof is demanded at the time of trial if deemed relevant.

11.      Denied.  The Policy, being a writing, speaks for itself and any characterization of the Policy is expressly denied.

12.      Admitted in part, denied in part.  It is admitted that Evanston issued position letters dated November 15, 2022, April 18, 2023, May 18, 2023.  The position letters, being writings, speak for themselves and any characterization of the writings is expressly denied.  It is denied that the Policy provides coverage for the Underlying Lawsuits.  It is denied that Evanston wrongly denied coverage or denied coverage on false predicates.  Evanston incorporates its Affirmative Defenses and Counterclaim as if fully stated at length herein.

13.      Denied.  To the contrary, Evanston incorporates the averments in paragraph 12 above as if fully stated at length herein.

14.      Denied.  The Policy, being a writing, speaks for itself and any characterization of the writing is expressly denied.

15.      Denied.  The Policy, being a writing, speaks for itself and any characterization of the writing is expressly denied.

16.      Denied.  To the contrary, Evanston incorporates the averments in paragraph 12 above as if fully stated at length herein.  By way of further response, Evanston's conduct was reasonable, proper, and in accord with the Policy and the law.

17.      Denied.  The bill of lading, being a writing, speaks for itself and any characterization of the writing is expressly denied.

18.      Denied.  After reasonable investigation, Evanston is without sufficient knowledge or information to form a belief as to the truth of falsity of the averments contained in this paragraph,

148987925.1

therefore the averments are denied and strict proof is demanded at the time of trial if deemed relevant.

19.     Denied.  Evanston incorporates the averments in paragraph 12 above as if fully stated at length herein.  The bill of lading and statements, being writings, speak for themselves and any characterization of the writings is expressly denied.  By way of further response, Evanston's conduct was reasonable, proper, and in accord with the Policy and the law.

20.     Denied.  To the contrary, Evanston incorporates the averments in paragraph 12 above as if fully stated at length herein.  By way of further response, Evanston's conduct was reasonable, proper, and in accord with the Policy and the law.

21.     Denied.  To the contrary, Evanston incorporates the averments in paragraph 12 above as if fully stated at length herein.  By way of further response, Evanston's conduct was reasonable, proper, and in accord with the Policy and the law.

22.     Denied.  After reasonable investigation, Evanston is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments contained in this paragraph, therefore the averments are denied and strict proof is demanded at the time of trial if deemed relevant.

## COUNT I - BAD FAITH - PUNITIVE DAMAGES

23.     Denied.  Evanston incorporates paragraphs 1 through 22 above as though fully set forth at length herein.

24.     Denied.  The averments contained in this paragraph are denied as a conclusion of law for which no response is required.

25.     Admitted.

148987925.1

26.     Denied.  Evanston incorporates the averments in paragraph 12 above as if fully stated at length herein.  Evanston's conduct was reasonable, proper, and in accord with the Policy and the law.

27.     Denied.  Evanston incorporates the averments in paragraph 12 above as if fully stated at length herein.  Evanston's conduct was reasonable, proper, and in accord with the Policy and the law.

28.     Denied.  Evanston incorporates the averments in paragraph 12 above as if fully stated at length herein.  Evanston's conduct was reasonable, proper, and in accord with the Policy and the law.

29.     Denied.  Evanston incorporates the averments in paragraph 12 above as if fully stated at length herein.  Evanston's conduct was reasonable, proper, and in accord with the Policy and the law.

30.     Denied.  Evanston incorporates the averments in paragraph 12 above as if fully stated at length herein.  Evanston's conduct was reasonable, proper, and in accord with the Policy and the law.

**WHEREFORE**, Defendant Evanston Insurance Company demands that judgment be entered in its favor and against the Plaintiff and that the Court award Evanston Insurance Company its costs, fees, and any other relief that the Court deems just and/or equitable.

## COUNT II - DECLARATORY JUDGMENT

31.     Denied.  Evanston incorporates paragraphs 1 through 30 above as though fully set forth at length herein.

32.     Denied.  The averments contained in this paragraph are denied as a conclusion of law for which no response is required.

148987925.1

33.     Denied.  The averments contained in this paragraph are denied as a conclusion of law for which no response is required.

34.     Denied.  The averments contained in this paragraph are denied as a conclusion of law for which no response is required.

35.     Denied.  The averments contained in this paragraph are denied as a conclusion of law for which no response is required.

36.     Denied.  Evanston incorporates the averments in paragraph 12 above as if fully stated at length herein.  Evanston's conduct was reasonable, proper, and in accord with the Policy and the law.

**WHEREFORE**, Defendant Evanston Insurance Company demands that judgment be entered in its favor and against the Plaintiff and that the Court award Evanston Insurance Company its costs, fees, and any other relief that the Court deems just and/or equitable.

## COUNT III - BREACH OF CONTRACT

37.     Denied.  Evanston incorporates paragraphs 1 through 36 above as though fully set forth at length herein.

38.     Denied.  The Policy, being a writing, speaks for itself and any characterization of the Policy is expressly denied.

39.     Denied.  Evanston incorporates the averments in paragraph 12 above as if fully stated at length herein.  Evanston's conduct was reasonable, proper, and in accord with the Policy and the law.  The Policy, being a writing, speaks for itself and any characterization of the Policy is expressly denied.

40.     Denied.  Evanston incorporates the averments in paragraph 12 above as if fully stated at length herein.  Evanston's conduct was reasonable, proper, and in accord with the Policy

6

and the law. The Policy, being a writing, speaks for itself and any characterization of the Policy is expressly denied.

41. Denied. After reasonable investigation, Evanston is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments contained in this paragraph, therefore the averments are denied and strict proof is demanded at the time of trial if deemed relevant.

**WHEREFORE**, Defendant Evanston Insurance Company demands that judgment be entered in its favor and against the Plaintiff and that the Court award Evanston Insurance Company its costs, fees, and any other relief that the Court deems just and/or equitable.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Evanston incorporates the averments contained in its Answer as if fully stated at length herein.

### SECOND DEFENSE

Plaintiff has failed to state a claim for which relief can be granted.

### THIRD DEFENSE

Evanston incorporates the Policy, including, but not limited to, all terms, definitions, forms, provisions, declarations, limitations, conditions, endorsements, and exclusions, as if fully stated at length herein. A true copy of the Policy is attached hereto at Exhibit "1."

### FOURTH DEFENSE

Plaintiff's claims and causes of action may be barred or limited by waiver, estoppel and/or laches.

## FIFTH DEFENSE

Plaintiff may have failed to mitigate its damages.

## SIXTH DEFENSE

At all relevant times hereto Evanston had a reasonable basis its coverage position and claim position.

## SEVENTH DEFENSE

Evanston acted reasonably, properly, and in accord with the Policy (Exhibit "1") and the law.

## EIGHTH DEFENSE

Evanston did not breach the Policy (Exhibit "1").

## NINTH DEFENSE

Plaintiff's claim of punitive damages is unwarranted.

## TENTH DEFENSE

Plaintiff's claim of punitive damages is unconstitutional, including violating the Due Process clause of the U.S. Constitution.

## ELEVENTH DEFENSE

In the absence of coverage there is no bad faith.

## TWELFTH DEFENSE

Plaintiff's claims are barred and/or limited by the Policy, including the following provision in the Policy (Exhibit "1"):

### SECTION I – LIABILITY COVERAGE

### A. Insuring Agreement

**1.** We will pay those sums an insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage", and

applicable "covered pollution cost or expense", to which this insurance applies, caused by an "accident":

**a.** Resulting from a "motor carrier's" ownership, maintenance or use, including loading and unloading, of a "motor carrier's auto"; or

**b.** Arising out of the negligent hiring of or entrustment to the "motor carrier" by the insured in the insured's operations as a "transportation broker".

## THIRTEENTH DEFENSE

Plaintiff's claims are barred and/or limited by the Policy, including the following provisions in the Policy (Exhibit "1"):

**J.** "Motor carrier" means any person or organization, authorized by the Federal Motor Carrier Safety Administration or the state in which he or she operates, to act in the business of transporting property by "auto" for hire.

**K.** "Motor carrier's auto" means an "auto" owned, leased or operated by the "motor carrier" with whom the insured has entered into a "broker/carrier agreement". A "motor carrier's auto" is considered a non-owned or hired "auto" by the insured. ...

## FOURTEENTH DEFENSE

Plaintiff's claims are barred and/or limited by the Policy (Exhibit "1"), including the following provision in the Policy (Exhibit "1"):

**E.** "Broker/carrier agreement" means a written contract, executed prior to an "accident", between a "transportation broker" and a "motor carrier", the terms of which define the conditions under which the "motor carrier" will provide transportation services pursuant to its federal authority

## FIFTEENTH DEFENSE

Plaintiff's claims are barred and/or limited by the Policy (Exhibit "1"), including the following provision in the Policy (Exhibit "1"):

**Q.** "Transportation broker" means a person, not acting in the capacity of a "motor carrier", who is authorized by the Federal Motor Carrier Safety

148987925.1

Administration as a Freight Broker and who, for compensation, arranges, or offers to arrange, the transportation of property by a "motor carrier" pursuant to a "broker/carrier agreement".

## SIXTEENTH DEFENSE

Plaintiff's claims are barred and/or limited by the Policy (Exhibit "1"), including the following provision in the Policy (Exhibit "1"):

### SECTION I – LIABILITY COVERAGE

\*    \*    \*

**C.  Exclusions**

This insurance does not apply to:

\*    \*    \*

**12. Motor Carrier Operations**

"Bodily injury" ... arising directly or indirectly out of an "accident" when the insured ... is acting as the "motor carrier" or is listed on the bill of lading or contract of carriage.

**13. Other Operations**

Any operations by or on behalf of the insured other than operations as a "transportation broker".

\*    \*    \*

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred and/or limited by the Policy (Exhibit "1"), including the following provision in the Policy (Exhibit "1"):

### SECTION IV – CONDITIONS

\*    \*    \*

**B.  General Conditions**

\*    \*    \*

10

**5. Other Insurance**

The insurance provided by this Coverage Form is excess over any other insurance, whether primary, excess, contingent or any other basis, unless such other insurance is written to be specifically excess of this policy.

\*      \*      \*

### EIGHTEENTH DEFENSE

Evanston incorporates its positions letters of November 15, 2022, April 18, 2023, May 18, 2023 as if fully stated at length herein.

### NINETEENTH DEFENSE

Plaintiff is listed on the bill of lading for the shipment related to the Underlying Lawsuits.

**WHEREFORE**, Defendant Evanston Insurance Company demands that judgment be entered in its favor and against the Plaintiff and that the Court award Evanston Insurance Company its costs, fees, and any other relief that the Court deems just and/or equitable.

### COUNTERCLAIM FOR DECLARATORY JUDGMENT

Defendant Evanston Insurance Company ("Evanston" or "Defendant") by and through its attorneys, asserts this Counterclaim for Declaratory Judgment, and in support thereof avers as follows:

1.      This Counterclaim is for a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 to determine an actual and existing controversy among the parties as more particularly set forth herein.

2.      Plaintiff ("PGT") seeks coverage for two lawsuits against it: *Schumer v. J Vanwinkle Trucking LLC, et al.*, Case No. 22CG-CC00195, Circuit Court of Cape Girardeau County, Missouri and *Marshall v. J Vanwinkle Trucking LLC, et al.*, Case No. 22CG-CC00245, Circuit Court of Cape Girardeau County, Missouri (the "Underlying Lawsuits").

3.      The Underlying Lawsuits arise out of am averred vehicle collision in which a tractor-trailer transporting two 25,000-pound rolls of steel shifted off the tractor-trailer and into traffic.

4.      Specific to PGT, the Underlying Lawsuits allege that PGT operated as a broker and/or transportation company; acted as an agent for the shipper; and owed a duty to select a motor carrier that was adequately safe and compliant with safety standards.

5.      The Underlying Lawsuits allege PGT breached its duties in selecting the motor carrier that transported the subject load.

6.      In letters dated November 15, 2022, April 18, 2023, and May 18, 2023, as well as other correspondence with PGT, Evanston set forth its coverage position that Evanston has no duty to defend or indemnify PGT in the Underlying Lawsuits.

7.      PGT purchased from Evanston a transportation broker liability insurance policy number TBL1643-B02 for the policy period from June 30, 2020 to June 30, 2021 (the "Policy") (Exhibit "1").

8.      The insuring agreement of the Policy (Exhibit "1") provides:

**SECTION I – LIABILITY COVERAGE**

**A. Insuring Agreement**

**1.** We will pay those sums an insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage", and applicable "covered pollution cost or expense", to which this insurance applies, caused by an "accident":

    **a.** Resulting from a "motor carrier's" ownership, maintenance or use, including loading and unloading, of a "motor carrier's auto"; or

    **b.** Arising out of the negligent hiring of or entrustment to the "motor carrier" by the insured in the insured's operations as a "transportation broker".

12

9. Exclusion 12 under the Policy (Exhibit "1"), the Motor Carrier Operations Exclusion, precludes coverage when the insured is acting as a "motor carrier," as defined in the Policy (Exhibit "1"), or when the insured is listed on the bill of lading or contract of carriage:

**SECTION I – LIABILITY COVERAGE**

\*    \*    \*

**C. Exclusions**

This insurance does not apply to:

\*    \*    \*

**12. Motor Carrier Operations**

"Bodily injury" ... arising directly or indirectly out of an "accident" when the insured ... is acting as the "motor carrier" or is listed on the bill of lading or contract of carriage.

**13. Other Operations**

Any operations by or on behalf of the insured other than operations as a "transportation broker".

\*    \*    \*

10. On October 26, 2022, upon Evanston's request that PGT provide a copy of the bill of lading with respect to the load being transported at the time of the averred accident, Evanston was provided with the bill of lading, attached herein as Exhibit "2."

11. PGT is listed on the bill of lading for the load being transported at the time of the averred accident.

12. Evanston relied on this bill of lading in making its coverage determination.

13. To date, PGT has not provided a different bill of lading for the subject load, nor does PGT contend a different document constitutes the bill of lading.

148987925.1

14. Coverage for the Underlying Lawsuits is precluded pursuant to the Motor Carrier Operations Exclusion contained in the Policy because PGT was listed on the bill of lading for the load being transported at the time of the accident.

15. Accordingly, Evanston is entitled to a declaratory judgment that Evanston does have a duty to defend or indemnify PGT for the Underlying Lawsuits.

**WHEREFORE**, Defendant Evanston Insurance Company respectfully requests this Honorable Court to declare and adjudge the controversy as follows:

A. Declare that Evanston had and has no duty to defend PGT under the Policy (Exhibit "1") in connection with the Underlying Lawsuits;

B. Declare that Evanston has no duty to indemnify PGT under the Policy (Exhibit "1") connection with the Underlying Lawsuits;

C. Grant judgment in the favor of Evanston and against PGT; and

D. Grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

Dated: November 18, 2024    By:    */s/ Kyle A. Peterson*
                                        Kyle A. Peterson, Esquire
                                        PA I.D. #325639
                                        One PPG Place | 28th Floor
                                        Pittsburgh, PA  15222
                                        Phone: 412-567-5596
                                        Kyle.Peterson@lewisbrisbois.com

Cody S. Moon *(pro hac vice pending)*
Kayla K. Farhang *(pro hac vice pending)*

14

Nicolaides Fink Thorpe Michaelides Sullivan LLP
10 South Wacker Drive, 36th Floor
Chicago, IL 60606
Phone: 312-585-1430 (Moon)
Phone: 312-585-1503 (Farhang)
Fax: 312-585-1401
cmoon@nicolaidesllp.com
kfarhang@nicolaidesllp.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I, Steven D. Evans, Esquire, hereby certify that a true and correct copy of the foregoing

**ANSWER WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIM** was filed and

served via the Court's CM/ECF System.

*/s/ Kyle A. Peterson*
Kyle A. Peterson, Esquire

148987925.1

## <u>VERIFICATION</u>

I, _David B. Smith_, being duly authorized to act on behalf of Defendant Evanston Insurance Company, hereby verify as follows:

1. I am a _claims specialist_ for Markel Service, Incorporated, claim service manager for Evanston Insurance Company, a Defendant in the above-captioned matter.

2. I have read the foregoing **Answer, Affirmative Defenses, and Counterclaim for Declaratory Judgment** filed on behalf of Evanston Insurance Company.

3. The statements contained therein are true and correct to the best of my knowledge, information, and belief, based upon reasonable inquiry and the records maintained by Evanston Insurance Company in the ordinary course of its business.

I understand that false statements made herein are subject to the penalties of 28 U.S.C. § 1746 relating to unsworn declarations under penalty of perjury.

Date: _11/18/24_

_David B. Smith_
Signature

_David B. Smith_
Printed Name